UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA

V.  4:06CR00088 JMM
4:07CV00688 JMM

RODNEY M. CRISWELL

### ORDER

On December 8, 2006, Petitioner executed a written plea agreement and entered a plea of guilty to conspiracy to distribute and to possess with the intent to distribute cocaine hydrochloride in violation of 21 U.S.C. §§ 841(a)(1) and 846. As part of Petitioner's plea agreement, he specifically stipulated that the United States' Title 21 U.S.C. § 851 notice of enhanced statutory penalties was timely and properly filed, and that the enhanced penalties under Section 851 should apply. (Plea Ag. At para. 6).

The Court sentenced Petitioner to a term of 115 months imprisonment, six years supervised release, and a mandatory special assessment penalty of $100.00. There was no appeal.

Currently pending before the Court is Petitioner's motion filed pursuant to 28 U.S.C. § 2255 arguing that (1) his counsel was ineffective at sentencing because he failed to object to the Petitioner's prior state drug convictions being used to increase his sentence under 21 U.S.C. § 851; (2) his criminal history calculation should be reduced based upon the November 1, 2007 Sentencing Guideline Amendment; and (3) he was not guilty of the conspiracy charge against him because there cannot be an indictable conspiracy with a government informant.

Petitioner argues that his counsel was ineffective at sentencing because he failed to object

to Government's use of his prior state drug convictions to increase his sentence pursuant to 21 U.S.C. § 851.  Petitioner contends that an objection from counsel to prevent the Government from using his prior state drug convictions would have been successful under *Lopez v. Gonzalez*, --- U.S. ----, 127 S.Ct. 625, 166 L.Ed.2d 462 (2006).   The Court rejects Petitioner's contention that the decision in *Lopez* entitles him to modification of his sentence.  *Lopez* addressed the classification of crimes under the Immigration and Nationality Act ("INA"), and held that conduct classified as a felony under state law but as a misdemeanor under the federal Controlled Substances Act is not a "felony punishable under the Controlled Substances Act" for INA purposes. The present case does not involve the INA, thus *Lopez* has no application.  *See also Velasquez v. Ellis*  2008 WL 544437, 1 (E.D. Cal. 2008).

Moreover, the United States Supreme Court has recently clarified any ambiguity in § 841 and the relevant definitions in the Controlled Substances Act.   In *Burgess v. U.S.*, – S. Ct. –, 2008 WL 1733267 (April 16, 2008), the Supreme Court adopted the Government's argument that the § 802(44) definition of "felony drug offense" is the exclusive definition as it applies to § 841.  The Court held that "all defendants whose prior drug crimes were punishable by more than one year in prison would be subject to the § 841(b)(1)(A) enhancement, regardless of the punishing jurisdiction's classification of the offense." *Id.* at 4.  Therefore, Petitioner's argument that his counsel was ineffective for failure to object at sentencing to the § 841 enhancement of his sentence is without merit.

Next, Petitioner argues his criminal history calculation should be reduced based upon the November 1, 2007 Sentencing Guideline Amendment.  Specifically, Petitioner claims that he should not have received a criminal history point for his conviction for misdemeanor theft by

receiving because the 2007 amendment would prohibit a one point increase under these circumstances.  Pursuant to the 2007 U.S.S.G. Manual, § 4A1.1(c) requires one criminal history point to be added "for each prior sentence not counted in (a) or (b), up to a total of 4 points for this item." U.S.S.G. § 4A1.1(c).  The Commentary to § 4A1.1(c) states that certain prior sentences are not counted or are counted only under certain conditions, including an exception for sentences for certain specified non-felony offenses which are counted only if they meet certain requirements and sentences for certain specified non-felony offenses which are never counted.  U.S.S.G. § 4A1.1, comment. (n.3).  Section 4A1.2(c)(1) and (c)(2) provide the exceptions.  The offense of theft by receiving is not listed as one of these exceptions.  *See* U.S.S.G. § 4A1.2(c).  Therefore, even if the November 2007 Amendments to the Sentencing Guidelines were applicable to Petitioner's sentencing he would have received one point for his misdemeanor conviction of theft by receiving.

Petitioner also argues that under the 2007 Amendments to the Guidelines he should not have received 3 criminal history points for each of his prior state drug convictions.  Initially, the Court notes that Petitioner did not receive 3 points for each of his prior state drug convictions.  At sentencing, the Court consolidated Petitioner's state drug offenses contained in paragraphs 29 and 30.  Therefore, those two convictions received 3 criminal history points instead of the 6 criminal history points calculated originally in the PSR.  Moreover, the criminal history points added for Petitioner's prior state drug offenses listed in paragraphs 28 through 31 of the PSR were correct pursuant to *Burgess v. U.S.*, – S. Ct. –, 2008 WL 1733267 (April 16, 2008).

Petitioner now asks the Court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 because he alleges there was no conspiracy between himself and co-defendant

Tory Holmes because Mr. Holmes was a government informant.  Petitioner relies on *U.S. v. Moss*, 591 F.2d 428 (8th Cir. 1979) as support for the contention that his guilty plea to the conspiracy should be reversed.  Petitioner did not challenge the validity of his guilty plea on direct appeal.  Thus, Petitioner has procedurally defaulted his claim.

"'It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked.' . . . Indeed, 'the concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas.'" *Bousley v. U.S.*, 523 U.S. 614, 118 S. Ct. 1604, 1610 (1998)(quoting *Mabry v. Johnson*, 467 U.S. 504, 508, 104 S. Ct. 2543, *2546-47* (1984) and *U.S. v. Timmreck*, 441 U.S. 780, 784, 99 S. Ct. 2085, 2087 (1979)).  "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice' or that he is 'actually innocent.'" *Id.* at 1611.

Notwithstanding Petitioner's default of this claim, the Court agrees that "there can be no indictable conspiracy with a government informer who secretly intends to frustrate the conspiracy." *Moss*, 591 U.S. at 434, n.8.  However, one can be charged for conspiracy involving the defendant and a government informant, if the evidence shows that the defendant conspired with the informant prior to the time the informant began working for the government. *United States v. Rios*, 171 F.3d 565, 566 (8 th Cir. 1999).

Petitioner admitted in open court with the assistance of counsel that from about August of 2002 to February the 24th of 2006, that he and Tory Edward Holmes and others came to an agreement and understanding to possess with the intent to distribute cocaine hydrochloride,

intending it to be distributed to others. (Tr. p. 8.) According to the Government, Mr. Holmes was not working as an informant until November 2005. (Tr. p. 11.) Based on this evidence, the Petitioner's claim that he was not involved in an indictable conspiracy is without merit.

In conclusion, Petitioner's motion for evidentiary hearing (Docket # 84) is GRANTED . For these and all of the reasons set forth by the Court at the hearing held on July 7, 2008, Petitioner's § 2255 motion (Docket # 74 and # 94) is DENIED as to all issues. Petitioner has also filed a motion for Retroactive Application of Sentencing Guidelines for Crack Cocaine Offenses. This motion will be considered by separate order of the Court.

IT IS SO ORDERED this 7th day of July 2008.

                                                James M. Moody
                                                United States District Judge